IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-71,533-01






EX PARTE JAMES ROBERT LAVENDER, III, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 41,095 A IN THE 268TH DISTRICT COURT


FROM FORT BEND COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a
controlled substance and sentenced to forty (40) years' imprisonment. The Fourteenth Court of
Appeals affirmed his conviction. See Lavender v. State, No. 14-06-0119-CR (Tex. App. - Houston
[14th Dist.], no pet.) ( not designated for publication.) 

 Applicant contends that his trial counsel rendered ineffective assistance because counsel
advised him to reject the State's plea offers of two (2) years' confinement, eight (8) years' probation,
and six (6) years' confinement which were made pre-trial. Applicant alleges that counsel told him
that he would prevail if he pleaded not guilty and went to trial as there was no link between him and
the drugs. Applicant alleges that he was surprised to learn that counsel was conceding his guilt when
he listened to counsel's opening statement. Applicant alleges that he was prejudiced by counsel's
deficient performance as the jury sentenced him to forty (40) years' confinement which was a much
lengthier sentence than the State offered pre-trial. Applicant alleges that counsel rendered ineffective
assistance in the guilt phase as he stipulated to evidence instead of trying to contest the State's case. 
Also, Applicant alleges that counsel rendered ineffective assistance at the hearing on the motion to
suppress as counsel failed to preserve errors regarding the illegal search and seizure in this case. 
Applicant alleges that the search was illegal because it exceeded the scope of the written consent
form. Applicant alleges that counsel should have argued that Applicant had standing to contest the
search. Applicant alleges that he was prejudiced by counsel's inaction as the search and seizure
issues were not preserved for appellate review. Applicant contends that counsel rendered ineffective
assistance as he failed to file a motion for a speedy trial even though Applicant asked him to file such
a motion. Applicant alleges that he was prejudiced by counsel's omission as the delay allowed the
State to re-indict him with a more serious offense than he was initially charged with. Finally,
Applicant alleges that counsel was ineffective for failing to file a motion for a new trial. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d) to resolve the fact issues.
In the appropriate case, the trial court may rely on its personal recollection. Id. 

 The trial court shall order Applicant's trial counsel to file a supplemental affidavit addressing
the following: (1) whether counsel advised Applicant to accept the State's plea offers of two (2)
years' confinement, eight (8) years' probation and six (6) years' confinement which were made pre-trial and, if so, when counsel advised Applicant to accept said plea offers; (2) whether counsel
advised Applicant that he would prevail if he went to trial as there was no link between him and the
drugs and, if so, when counsel gave Applicant the aforementioned advise; (3) whether counsel made
a strategic decision to concede guilt in his opening statement and, if so, when counsel advised
Applicant of the aforementioned strategic decision; (4) whether counsel stipulated to the State's
evidence in the guilt phase and if so, shall identify the strategic reason for counsel's decision to
stipulate; (5) whether counsel believed that the search was illegal in this case and, if so, shall detail
the basis for counsel's belief; (6) whether counsel believed that the search exceeded the scope of the
written consent form and, if so, shall detail the basis for counsel's belief; (7) whether counsel
believed that Applicant had standing to contest the search and, if so, shall detail the basis for
counsel's belief; (8) whether counsel tried to preserve errors for appellate review at the suppression
hearing and, if so, shall identify the errors which were preserved; (9) whether counsel believed that
the delay in this case was uncommonly long and prejudicial and, if so, shall detail the basis for
counsel's belief; (10) whether counsel filed a motion for a speedy trial and, if not, why counsel did
not believe such a motion was necessary; and, (11) whether counsel filed a motion for a new trial
and, if not, why counsel did not believe such a motion was necessary. 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. 
Specifically, the trial court shall make findings of fact as to whether counsel advised Applicant to
accept the State's plea offers of two (2) years' confinement, eight (8) years' probation and six (6)
years' confinement which were made pre-trial and, if so, when counsel advised Applicant to accept
said plea offers. The trial court shall make findings of fact as to whether counsel advised Applicant
that he would prevail if he went to trial as there was no link between him and the drugs and, if so,
when counsel gave Applicant the aforementioned advise. The trial court shall make findings of fact
as to whether counsel made a strategic decision to concede guilt in his opening statement and, if so,
when counsel advised Applicant of the aforementioned strategic decision. The trial court shall make
findings of fact as to whether counsel stipulated to the State's evidence in the guilt phase and, if so,
shall identify the strategic reason for counsel's decision to stipulate. The trial court shall make
findings of fact as to whether counsel believed that the search was illegal in this case and, if so, shall
detail the basis for counsel's belief. The trial court shall make findings of fact as to whether counsel
believed that the search exceeded the scope of the written consent form and, if so, shall detail the
basis for counsel's belief. The trial court shall make findings of fact as to whether counsel believed
that Applicant had standing to contest the search and, if so, shall detail the basis for counsel's belief. 
The trial court shall make findings of fact as to whether counsel tried to preserve errors for appellate
review at the suppression hearing and, if so, shall identify the errors which were preserved. The trial
court shall make findings of fact as to whether counsel believed that the delay in this case was
uncommonly long and prejudicial and, if so, shall detail the basis for counsel's belief. The trial court
shall make findings of fact as to whether counsel filed a motion for a speedy trial and, if not, why
counsel did not believe such a motion was necessary. The trial court shall make findings of fact as
to whether counsel filed a motion for a new trial and, if not, why counsel did not believe such a
motion was necessary. The trial court shall also make any other findings of fact and conclusions of
law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus
relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing a
copy of the court reporter's notes from trial and the pre-trial suppression hearing, all affidavits and
interrogatories, along with the trial court's supplemental findings of fact and conclusions of law,
shall be returned to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 



Filed: April 29, 2009

Do not publish